UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Paul Scarborough, #396042,<br>　　　　　　　　　Plaintiff,<br>vs.<br><br>Major Pressley, Sergeant Jackson,<br>Lt. Durant,<br>Turberville Doctor,<br>The Medical Staff, *Turberville C.I.*,<br>　　　　　　　　　Defendants. | C/A No. 4:25-13653-RMG-TER<br><br>Report and Recommendation |

　　　　This is a civil action filed by a state prisoner, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## STANDARD OF REVIEW

　　　　Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

　　　　Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

**DISCUSSION**

Plaintiff's action is subject to dismissal for failure to state a claim upon which relief can be granted in part as to some of the Defendants. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges as Defendants "Turbeville Doctor" and "Medical Staff Turbeville" in official capacity only. (ECF No. 1 at 1, 3). In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983. A defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001). Defendant "Medical Staff" is an alleged group of people employed in particular departments, but groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir.2001) (finding that a medical department is not a person amenable to suit under § 1983). Further, "Turbeville Doctor" is not a sufficiently identified Defendant, there are no allegations regarding this Defendant, and even so sued in official capacity only would likely be subject to Eleventh Amendment immunity. Defendants "Medical Staff Turbeville" and "Turbeville

Doctor" are subject to summary dismissal.

Plaintiff alleges he was assaulted by other inmates resulting in broken facial bones on September 23. (ECF No. 1 at 4). Plaintiff alleges he was not taken to the hospital until September 25. (ECF No. 1 at 5). Plaintiff alleges he asked Defendant Durant for help and "all she done was lock me in my room." (ECF No. 1 at 5). Plaintiff alleges Defendant Pressley told Plaintiff he was too busy to send Plaintiff to the hospital and instead sent Plaintiff to the same exact dorm where he was previously assaulted. (ECF No. 1 at 6). Liberally construed, Plaintiff's allegations as to Defendants Durant and Pressley surpass summary dismissal and this same day service of process has been authorized by separate order on Defendants Durant and Pressley.

Plaintiff made no allegations as to Defendant Jackson and thus, Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Jackson.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case. Specifically, it is recommended that Defendants "Medical Staff," "Turbeville Doctor," and Jackson be summarily dismissed without prejudice and without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process as to Defendants Pressley and Durant.

|  |  |
|---|---|
| January 22, 2026 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).