IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Matthew Paul Scarborough, #396042,<br><br>        Plaintiff,<br>  v.<br><br>Major Pressley, Sergeant Jackson,<br>Lt. Durant,<br>Turberville Doctor,<br>The Medical Staff, *Turberville C.I*,<br><br>        Defendants. | Case No. 4:25-cv-13653-RMG<br><br>**ORDER** |

    This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 13), recommending this Court summarily dismiss Defendants "Medical Staff," "Turbeville Doctor," and Sergeant Jackson without prejudice and without issuance and service of process. For the following reasons, the Court adopts the R & R as the Order of the Court and dismisses the aforementioned Defendants from this matter.

    The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a de novo determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover,

1

in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983).

Plaintiff has not filed objections.

Upon a review of the Magistrate Judge's recommendations, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff's claims to correctly determine dismissal of the aforementioned Defendants is warranted because Plaintiffs' complaint fails to state a claim under § 1983 against them.

To state a claim for relief pursuant to 42 U.S.C. § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Magistrate Judge correctly concluded that Defendant "Medical Staff Tuberville" is entitled to dismissal because Plaintiff has failed to state a claim against it. Only persons may act under color of state law for purposes of 42 U.S.C § 1983. Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 Fed.Appx. 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983). The Magistrate Judge also correctly concluded that Defendant "Tuberville Doctor" is not a sufficiently identified Defendant and that even if properly identified, there are no allegations regarding this Defendant to state a claim upon which relief can be granted. Finally, the Magistrate Judge correctly concluded that Plaintiff has made no allegations as to Defendant Jackson and has therefore failed to state a claim upon which relief can be granted.

Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 13) as the order of the Court and **SUMMARILY DISMISSES** Plaintiff's claims against Defendants "Medical Staff," "Turbeville Doctor," and Jackson without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

      s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 10, 2026
Charleston, South Carolina